**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DIYIANA CLAY DAMAYO,** | : | **MOTION TO VACATE** |
| Movant, | : | **28 U.S.C. § 2255** |
| | : | |
| v. | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:10-CR-0190-ODE-AJB-1** |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | **CIVIL FILE NO.** |
| | : | **1:14-CV-1952-ODE-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant Diyiana Clay Damayo has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate, [Doc. 389], and Respondent's answer-response, [Doc. 391]. Movant's motion to vacate is due to be denied.

**I.   Background**

The grand jury sitting in the Northern District of Georgia indicted Movant on thirty-four counts of conspiracy to commit mail fraud, mail fraud, and fraud with identification documents. (Superseding Indictment, ECF No. 150.) Represented by Jay Strongwater, Movant entered into a plea agreement with the government to plead guilty to Count Seven charging mail fraud, in violation of 18 U.S.C. §§ 2, 1341, and Count

AO 72A
(Rev.8/82)

Thirty-Two charging aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A(a), (b)(2) (requiring a mandatory minimum, consecutive, sentence of two or five years). (*Id*. at 4-5, 10; Plea Agreement at 1, 3, ECF No. 201-1; Guilty Plea Tr. at 5-6, ECF No. 284.) Movant specifically agreed that she was guilty of the crimes charged in Count Thirty-Two and that based thereon she was punishable by a mandatory, consecutive, two year term of imprisonment. (Plea Agreement at 1, 3.) The government agreed, among other things, to dismiss the remaining thirty-two counts against Movant and to bring no further charges against her related to the charges to which she pleaded guilty. (*Id*. at 4.) Movant agreed to waive the right to appeal or collaterally attack her conviction and sentence except on grounds not relevant here. (*Id*. at 9.)

The Court accepted Movant's guilty plea and sentenced her to 108 plus 24 consecutive months of imprisonment. (Guilty Plea Tr. at 26; J., ECF No. 262 at 2.) On June 27, 2012, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant. (Op., ECF No. 335.) On October 1, 2012, the United States Supreme Court denied *certiorari*. (Order, ECF No. 341.)

On June 4, 2014, Movant filed[1] her § 2255 motion. (Mot. to Vacate, ECF No. 389.) In her § 2255 motion, Movant raises the following grounds for relief: (1) counsel performed ineffectively in advising her during plea discussions on her future parole eligibility and the term of imprisonment she could face by accepting the plea agreement; (2&3) in light of *Descamps v. United States*, _ U.S. _, 133 S. Ct. 2276 (2013), and *Alleyne v. United States*, _ U.S. _, 133 S. Ct. 2151 (2013), the Court erred in imposing an enhanced sentence based on matters not in the indictment or decided by a jury; and (4) counsel performed ineffectively by failing to investigate and perform certain pretrial functions and urging her to accept a "preposterous plea agreement." (Mot. to Vacate at 2, 7-25.) Movant asserts that her motion is timely because she filed it within one year of *Alleyne* (decided June 17, 2013) and *Descamps* (decided June 20, 2013) being decided. (Motion to Vacate at 12-22.)

The government responds that neither *Alleyne* nor *Descamps* are retroactively applicable on collateral review and that this action must be dismissed as untimely. (Resp't Resp. at 3-6, ECF No. 391.)

---

[1] Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which she or he signed it. *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

3

The federal one-year statute of limitations applicable to § 2255 motions runs from the latest of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ,"[2] in addition to triggering events that are not applicable here.  28 U.S.C. § 2255(f).[3]

*Descamps* involves the Armed Career Criminal Act ("ACCA"), which allows an enhanced sentence for a defendant who is convicted of being a felon in possession of a firearm and who has three prior convictions for violent felonies or serious drug

---

[2] "Any court may determine that a Supreme Court decision applies retroactively for purposes of 28 U.S.C. § 2255(f)(3)." *Aguero v. United States*, 580 Fed. Appx. 748, *2 (11th Cir. Sept. 12, 2014) (citing *Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir. 2004)).

[3] Additionally, equitable tolling and actual innocence provide limited exceptions to the one-year limitations period. Movant, however, presents nothing to establish that either exception applies. *See McQuiggin v. Perkins*, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating that to show actual innocence the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)); *Williams v. United States*, 491 F.3d 1282, 1284 (11th Cir. 2007) ("[E]quitable tolling is available only if the petitioner establishes (1) extraordinary circumstances, and (2) due diligence. . . . [E]quitable tolling is an extraordinary remedy which is sparingly applied, and [the movant bears] the burden of proving equitable tolling." (citation omitted)).

4

offenses. *Descamps*, _ at _, 133 S. Ct. at 2281. *Descamps* holds that a court should not apply a modified categorical approach (looking to documents such as indictments and jury instructions in underlying prior convictions) to determine whether a conviction under a statute with an indivisible set of elements that criminalizes a broad range of conduct (some of which would not be considered violent or a serious drug offense) qualifies as a predicate offense under the ACCA. *Descamps*, _ at _, 133 S. Ct. at 2281-83. "Under *Alleyne*, any fact that increases the mandatory minimum sentence for a crime must be admitted by a defendant or be submitted to a jury and found beyond a reasonable doubt." *United States v. Payne*, 763 F.3d 1301, 1304 (11th Cir. 2014) (*citing Alleyne*, _ U.S. at _, 133 S. Ct. at 2163).

*Alleyne* and *Descamps*, however, do not provide triggering events that restart the federal limitations period under § 2255(f)(3). "*Alleyne* does not apply retroactively on collateral review." *Jeanty v. Warden*, 757 F.3d 1283, 1285 (11th Cir. 2014) ("[N]either *Alleyne* itself nor any later Supreme Court decision holds that *Alleyne* is retroactive. . . . [T]he *Alleyne* Court explained that its holding was an application of the rule established in *Apprendi v. New Jersey* [530 U.S. 466 (2000)], . . . and we have repeatedly held that *Apprendi* 's rule does not apply retroactively on collateral review. . . ." (citations omitted)). *Descamps* also does not apply retroactively on collateral review under § 2255(f)(3). *See United States v. Aikens*, Nos. 5:12-cr-5-RS,

5

5:14-cv-156-RS-GRJ, 2014 WL 3611258, at *1 (N.D. Fla. July 22, 2014) (listing cases); *Pulley v. United States*, Cause Nos. 2:13CV257-PPS, 2:04CR12-PPS, 2014 WL 2206893, at *2 (N.D. Ind. May 27, 2014) (holding that *Descamps* did not recognize a new right under § 2255(f)(3) – "in *Descamps* Justice Kagan explains that the Court's prior caselaw 'all but resolves this case,' a fairly clear indication that the decision breaks no new ground" (quoting *Descamps*, _ U.S. at _, 133 S. Ct. at 2283)); *Harr v. United States*, Case No. 14-cv-1152, 2014 WL 1674085, *3 (C.D. Ill. Apr. 28, 2014) (holding that *Descamps* did not announce a new rule of law under § 2255(f)(3) – in *Descamps* "the Supreme Court repeatedly used language to communicate that it was clarifying existing law").

As an underlying matter, the application of *Alleyne* and *Descamps* to Movant's convictions and sentences is dubious.[4]  Moreover, as discussed above, *Alleyne* and

---

[4]     Movant does not explain how *Alleyne* applies to a mandatory statutory minimum sentence in her case. (*See* Mot. to Vacate at 11, 19.) Notably, the plea agreement shows that there was no mandatory minimum term of imprisonment for Count Seven and that there was a two-year mandatory minimum term for Count Thirty-Two, to which Movant voluntarily pleaded guilty, thereby admitting the facts that warranted the two-year mandatory term that she received. Additionally, Movant does not show that *Descamps* is relevant – she does not identify any prior convictions that have indivisible elements and does not show that the Court engaged in an impermissible factual inquiry on such convictions in determining her sentence. (*See* Mot. to Vacate at 20-22.) Although Movant states that she does not have a copy of her plea agreement or presentence investigative report to adequately present her *Descamps* claim, (*id*. at 20), she previously had access to both documents and she attended her

6

*Descamps* are not retroactively applicable on collateral review. Accordingly, Movant had until October 1, 2013, to collaterally attack her convictions and sentences, which became final on October 1, 2012, when the United States Supreme Court denied *certiorari*. Her June 2014 § 2255 motion is untimely by approximately eight months, and this action must be dismissed.

## II.     Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

---

sentencing – Movant had sufficient knowledge of her criminal proceedings to support her allegations, if were they viable. Movant has not done so.

7

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

It is **RECOMMENDED** that a COA is unwarranted because it is not debatable that this action is untimely. If the District Court adopts this recommendation and denies a COA, Movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion, [Doc. 389], to vacate, set aside, or correct her federal sentence be **DENIED**, and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  19th  day of November, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

8

AO 72A
(Rev.8/82)