

FILED IN CHAMBERS
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA   JUL 06 2015
ATLANTA DIVISION

By: /s/ M Caughey, Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:10-CR-190-1-ODE-AJB |
| DIYIANA CLAY DAMAYO | |

## ORDER

This closed criminal case is before the Court on the Report & Recommendation ("R&R") of Judge Alan J. Baverman [Doc. 393] and Diyiana Clay Damayo's ("Defendant") pro se motion titled "Motion for Reconsideration 18 U.S.C. 3742(e) Post-Sentencing Rehabilitation Programming" [Doc. 399]. For the following reasons, Judge Baverman's R&R [Doc. 393] is ADOPTED in its entirety, and Defendant's "Motion for Reconsideration 18 U.S.C. § 3742(e) Post-Sentencing Rehabilitation Programming" [Doc. 399] is DENIED.

### I.   Background

Defendant was indicted on thirty-four counts of conspiracy to commit mail fraud, mail fraud, and fraud with identification documents [Doc. 150]. On November 5, 2010, Defendant plead guilty to one count of mail fraud and one count of aggravated identify theft [Doc. 202]; she was sentenced to 132 months' imprisonment [Doc. 262]. On June 27, 2012, the United States Court of Appeals for the Eleventh Circuit affirmed the judgment against her [Doc. 335].

Defendant filed a motion pursuant to 28 U.S.C. § 2255 on June 4, 2014 [Doc. 389]. In it, she raises the following grounds for relief: (1) counsel performed ineffectively in advising her

during plea discussions on her future parole eligibility and the term of imprisonment she could face by accepting the plea agreement; (2) the Court erred in imposing an enhanced sentence based on matters not in the indictment or decided by a jury; and (3) counsel performed ineffectively by failing to investigate and perform certain pre-trial functions and urging her to accept a "preposterous plea agreement" [Id.]. At the order of Judge Baverman, the Government responded to Defendant's motion on August 4, 2014 [Doc. 391]. Judge Baverman issued his R&R [Doc. 393] recommending that Defendant's § 2255 motion be denied on November 20, 2014.

On June 5, 2015, Defendant also filed a "Motion for Reconsideration" in which she requests a reduced sentence in light of the education she has received in prison [Doc. 399].

## II.  Judge Baverman's R&R

In the R&R [Doc. 393], Judge Baverman recommends that Defendant's § 2255 Motion [Doc. 389] be denied and that this Court not issue a certificate of appealability ("COA"). Specifically, Judge Baverman found that Defendant's § 2255 motion was untimely, as it was filed more than one year after the judgment of conviction became final and neither Supreme Court opinion cited by Defendant restarted the limitations period [Doc. 393 at 4-5, 7].

The Court having read and considered the R&R and noting the absence of any objections thereto,[1] it is hereby ADOPTED as the

---

[1] Defendant was given repeated extensions of time to file her objections [Docs. 396, 398]. Defendant's last extension of time expired on April 18, 2015 [Doc. 398]. No objections have been filed.

opinion and order of the Court. For the reasons set forth in the R&R, Defendant's Motion to Vacate [Doc. 389] is DENIED. A COA is also DENIED for the reasons outlined in the R&R. Defendant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. **Defendant's "Motion for Reconsideration"**

As to Defendant's Motion [Doc. 399], Defendant is in essence requesting a reduction of sentence based on the number of educational certificates she has received during her incarceration. Defendant cites Pepper v. United States, 562 U.S. 476 (2011), in support of her motion. However, the Supreme Court in Pepper held that evidence of post-sentencing rehabilitation is relevant and may support a downward variance "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing." Id. at 490-91. Here, Defendant is not before this Court on remand for resentencing. Therefore, 18 U.S.C. § 3742(g) and the holding of Pepper are inapplicable here.

Defendant does not identify any other statute by which this Court is "expressly permitted" to reduce her sentence nor does she argue that her sentencing range has been subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. §§ 3582(c)(1)(B), (c)(2). As such, Defendant has not shown that she is entitled to a reduction of sentence. Accordingly, Defendant's "Motion for Reconsideration 18 U.S.C. § 3742(e) Post-Sentencing Rehabilitation Programming" [Doc. 399] is DENIED.

## IV. Conclusion

In sum, Judge Baverman's R&R [Doc. 393] is hereby ADOPTED in its entirety, and Defendant's Motion to Vacate [Doc. 389] and COA are both DENIED.  Further, Defendant's "Motion for Reconsideration 18 U.S.C. § 3742(e) Post-Sentencing Rehabilitation Programming" [Doc. 399] is also DENIED.

SO ORDERED this  2  day of July, 2015.

                                                  ORINDA D. EVANS
                                                  UNITED STATES DISTRICT JUDGE